**FILED**
3:48 pm, Aug 03, 2022
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

AAS:AFM/LAB
F. #2015R01725

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA | I N D I C T M E N T |
| - against - | Cr. No. 1:22-cr-00351(FB)(RER) |
| DMITRY UKRAINSKIY,<br>   also known as "Dmitry<br>   Ukrainsky," "Dmitry P." and<br>   "Dmitry R.," | (T. 18, U.S.C., §§ 371, 982(a)(1), 982(a)(2),<br>982(b)(1), 1343, 1344, 1956(a)(2)(B)(1),<br>1956(h), 2 and 3551 et seq.; T. 21, U.S.C.,<br>§ 853(p)) |
| Defendant. | |

- - - - - - - - - - - - X

THE GRAND JURY CHARGES:

## INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

1.  The defendant DMITRY UKRAINSKIY, also known as "Dmitry Ukrainsky," "Dmitry P." and "Dmitry R.," was a Russian national residing in Thailand.

## THE FRAUDULENT SCHEME

2.  In or about and between June 2014 and April 2016, both dates being approximate and inclusive, the defendant DMITRY UKRAINSKIY was a member of a criminal conspiracy that used malicious software and other mechanisms to take control of bank accounts of unsuspecting victims and misappropriate funds from those accounts.

3.  The stolen funds were transferred from the victims' accounts to the bank accounts of a network of intermediary individuals in the United States ("couriers" or "money

couriers") before being forwarded to members of the conspiracy in the United States and abroad. A co-conspirator who used the moniker "Samuel Gold" recruited the money couriers, typically instructing them by email to open bank accounts, which would receive the stolen funds, and then provided them with further instructions for forwarding the money.

4. Over the course of the scheme, a co-conspirator based in Brooklyn, New York ("CC-1"), an individual whose identity is known to the Grand Jury, received over $230,000 in funds fraudulently withdrawn from the bank accounts of victims via wire transfers from a network of intermediary money couriers. CC-1 subsequently transferred the funds to bank accounts in multiple countries outside the United States in the names of the defendant DMITRY UKRAINSKIY and other conspirators. For example, on or about July 20, 2015, CC-1 wired more than $10,000 in fraudulently obtained funds to a bank account in Russia held by UKRAINSKIY.

5. In furtherance of the scheme, on or about August 12, 2015, approximately $28,251 was fraudulently transferred from the bank account of a U.S. resident ("Victim-1"), an individual whose identity is known to the Grand Jury, to the bank account of a courier. The co-conspirator using the moniker "Samuel Gold" then instructed the courier to send approximately $26,600 of the money by certified check to CC-1. Five days later, on or about August 17, 2015, CC-1 wired $24,580 to a Russia-based bank account in the name of another co-conspirator ("CC-2"), an individual whose identity is known to the Grand Jury.

6. In furtherance of the scheme, on or about August 12, 2015, the online brokerage credentials of a resident of Long Island, New York ("Victim-2"), an individual whose identity is known to the Grand Jury, were compromised. On that date, more than $44,000 was

wired from Victim-2's brokerage account into the bank account of a money courier. Later on that same day, the courier made out a cashier's check to CC-1 for $42,500.

## COUNT ONE
### (Wire Fraud)

7.  The allegations contained in paragraphs one through six are realleged and incorporated as if fully set forth in this paragraph.

8.  In or about and between June 2014 and April 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant DMITRY UKRAINSKIY, also known as "Dmitry Ukrainsky," "Dmitry P." and "Dmitry R.," together with others, did knowingly and intentionally devise a scheme and artifice to defraud one or more victims, and to obtain money and property of said victims by means of one or more materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, transmitted and caused to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures and sounds, to wit: emails, other online communications and monetary transfers.

(Title 18, United States Code, Sections 1343, 2 and 3551 et seq.)

## COUNT TWO
### (Bank Fraud)

9.  The allegations contained in paragraphs one through six are realleged and incorporated as if fully set forth in this paragraph.

10.  In or about and between June 2014 and April 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant DMITRY UKRAINSKIY, also known as "Dmitry Ukrainsky," "Dmitry P." and "Dmitry R.,"

together with others, did knowingly and intentionally execute a scheme and artifice to defraud one or more financial institutions, and to obtain moneys, funds, credits, assets, securities and other property owned by and under the custody and control of said financial institutions, by means of one or more false and fraudulent pretenses, representations and promises.

(Title 18, United States Code, Sections 1344, 2 and 3551 et seq.)

## COUNT THREE
(Conspiracy to Commit Wire Fraud, Bank Fraud and Computer Intrusion)

11. The allegations contained in paragraphs one through six are realleged and incorporated as if fully set forth in this paragraph.

12. In or about and between June 2014 and April 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant DMITRY UKRAINSKIY, also known as "Dmitry Ukrainsky," "Dmitry P." and "Dmitry R.," together with others, did knowingly and intentionally conspire to:

(a) devise a scheme and artifice to defraud one or more victims, and to obtain money and property from said victims, by means of one or more materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, to transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures and sounds, contrary to Title 18, United States Code, Section 1343;

(b) execute a scheme and artifice to defraud one or more financial institutions, and to obtain moneys, funds, credits, assets, securities and other property owned by and under the custody and control of said financial institutions, by means of one or more false

Case 1:22-cr-00351-FB   Document 27   Filed 08/03/22   Page 5 of 12 PageID #: 47

5

and fraudulent pretenses, representations and promises, contrary to Title 18, United States Code, Section 1344;

   (c) access one or more computers without authorization and exceed authorized access, and thereby obtain information contained in a financial record of a financial institution from a protected computer, in violation of 18 U.S.C. § 1030(a)(2)(A); and

   (d) access, with intent to defraud, a protected computer without authorization and by means of such conduct further an intended fraud and obtain something of value, to wit: information and U.S. and foreign currency in violation of 18 U.S.C. § 1030(a)(4).

  13. In furtherance of the conspiracy and to effect its objects, the defendant DMITRY UKRAINSKIY, together with others, did commit and cause to be committed, within the Eastern District of New York and elsewhere, the following:

## OVERT ACTS

  (a) On or about October 23, 2014, approximately $37,000 was fraudulently transferred from the bank account of an individual whose identity is known to the Grand Jury ("Victim-3") to the account of a money courier. On or about October 24, 2014, the courier wired approximately $34,000 of stolen funds to a bank account in Thailand held by UKRAINSKIY.

  (b) On or about October 7, 2014, approximately $42,000 was fraudulently transferred from the bank account of an individual whose identity is known to the Grand Jury ("Victim-4") to the account of a money courier. On the same day, the courier wired approximately $39,000 of stolen funds to a bank account in Thailand held by UKRAINSKIY.

(c) In and around October 2014, approximately $146,000 was fraudulently transferred from the brokerage account of an individual whose identity is known to the Grand Jury ("Victim-5") into the account of a money courier. The courier transferred approximately $58,000 of stolen funds to a bank account in Thailand held by UKRAINSKIY.

(d) On or about September 16, 2014, banking credentials were stolen from a United States educational institution ("Victim Institution-1"), an entity the identity of which is known to the Grand Jury. The stolen credentials were used to log in to Victim Institution-1's account at a financial institution and approximately $711,000 was stolen from the account.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

## COUNT FOUR
(Money Laundering)

14. The allegations contained in paragraphs one through six are realleged and incorporated as if fully set forth in this paragraph.

15. In or about and between June 2014 and April 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant DMITRY UKRAINSKIY, also known as "Dmitry Ukrainsky," "Dmitry P." and "Dmitry R.," together with others, did knowingly and intentionally transport, transmit and transfer monetary instruments and funds from one or more places in the United States to and through one or more places outside the United States, which transactions in fact involved the proceeds of unlawful activity, to wit: wire fraud, bank fraud and conspiracy to commit wire and bank fraud as charged in Counts One through Three, and computer intrusion, in violation of Title 18, United States Code, Section 1030, knowing that the monetary instruments and funds involved in the

7

transportation, transmission and transfer represented the proceeds of some form of unlawful activity, and knowing that such transportation, transmission and transfer was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of said specified unlawful activity.

(Title 18, United States Code, Section 1956(a)(2)(B)(i), 2 and 3551 et seq.)

## COUNT FIVE
(Money Laundering Conspiracy)

16. The allegations contained in paragraphs one through six are realleged and incorporated as if fully set forth in this paragraph.

17. In or about and between June 2014 and April 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant DMITRY UKRAINSKIY, also known as "Dmitry Ukrainsky," "Dmitry P." and "Dmitry R.," together with others, did knowingly and intentionally conspire to:

(a) transport, transmit and transfer monetary instruments and funds from one or more places in the United States to and through one or more places outside the United States, which transactions in fact involved the proceeds of unlawful activity, to wit: wire fraud, bank fraud and conspiracy to commit wire and bank fraud as charged in Counts One through Three, and computer intrusion, in violation of Title 18, United States Code, Section 1030, knowing that the monetary instruments and funds involved in the transportation, transmission and transfer represented the proceeds of some form of unlawful activity, and knowing that such transportation, transmission and transfer was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership and the control of the

proceeds of specified unlawful activity, all contrary to Title 18, United States Code, Section 1956(a)(2)(B)(i); and

    (b)  engage in one or more monetary transactions within the United States in criminally derived property of a value greater than $10,000 that was derived from specified unlawful activity, to wit: Wire Fraud, Bank Fraud and Conspiracy to Commit Wire and Bank Fraud charged in Counts One through Three, and Computer Intrusion, in violation of Title 18, United States Code, Section 1030, all contrary to Title 18, United States Code, Section 1957(a).

  (Title 18, United States Code, Sections 1956(h) and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNTS ONE THROUGH THREE

  18.  The United States hereby gives notice to the defendant that, upon his conviction of any of the offenses charged in Counts One through Three, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(2), which requires any person convicted of such offenses to forfeit any property constituting, or derived from, proceeds obtained directly or indirectly as a result of such offenses.

  19.  If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a)  cannot be located upon the exercise of due diligence;

    (b)  has been transferred or sold to, or deposited with, a third party;

    (c)  has been placed beyond the jurisdiction of the court;

    (d)  has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 982(b)(1), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(2) and 982(b)(1); Title 21, United States Code, Section 853(p))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNTS FOUR AND FIVE

20. The United States hereby gives notice to the defendant that, upon his conviction of either of the offenses charged in Counts Four and Five, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(1), which requires any person convicted of such offenses to forfeit any property, real or personal, involved in such offenses, or any property traceable to such property.

21. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(1) and 982(b)(1); Title 21, United States Code, Section 853(p))

A TRUE BILL

_____
FOREPERSON

BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

By: *Carolyn Pokorny*
Assistant U.S. Attorney

F. #2015R01725
FORM DBD-34
JUN. 85

No.

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

vs.

*DMITRY UKRAINSKIY,*

Defendant.

## INDICTMENT

(T. 18, U.S.C., §§ 371, 982(a)(1), 982(a)(2), 982(b)(1), 1343, 1344,
1956(a)(2)(B)(1), 1956(h), 2
and 3551 et seq.; T. 21, U.S.C., § 853(p))

*A true bill.*

_____
                                                              *Foreperson*

*Filed in open court this* _____ *day.*

*of* _____ A.D. 20 _____

_____
                                                              *Clerk*

Bail, $ _____

_____
Alexander Mindlin, Lauren Bowman, Assistant U.S. Attorneys
(718) 254-7000

Bail, $ _____

_____
*Alexander Mindlin, Lauren Bowman, Assistant U.S. Attorneys*
*(718) 254-7000*